

**SIGNED this 07th day of December, 2009.**

_____
**LEIF M. CLARK
UNITED STATES BANKRUPTCY JUDGE**

_____

# United States Bankruptcy Court
### Western District of Texas
### San Antonio Division

| | |
|---|---|
| IN RE | BANKR. CASE NO. |
| PETER A. ALLEGRA & KAREN L. ALLEGRA | 09-52058-C |
| *DEBTOR S* | CHAPTER 11 |
| TATYANA PONTI | |
|    *PLAINTIFF* | |
| V. | ADV. NO. 09-5086-C |
| PETER ALLEGRA | |
|    *DEFENDANT* | |

**MEMORANDUM OPINION ON MOTION TO ENTER JUDGMENT OF NONDISCHARGEABILITY**

CAME ON for consideration the motion of defendant for entry of judgment of nondischargeability with regard to the claim of plaintiff. The court grants the relief requested, but with the specific finding that said judgment is not *res judicata* with respect to plaintiff's claim on the merits.

The Fifth Circuit has recently ruled that federal courts have subject matter jurisdiction to determine in actions such as this not only the dischargeability of a claim, but also the merits of that claim. *See Morrison v. Western Builders of Amarillo, Inc. (In re Morrison)*, (5th Cir. 2009). As the court has the jurisdiction to hear the case, *res judicata* could attach with respect to all claims that "could have been brought." *See Osherow v. Ernst & Young, LLP (In re Intelogic Trace, Inc.)*, 200 F.3d 382 (5th Cir. 2000). We now know that could include claims for judgment on the merits of a claim the subject of a nondischargeability action.

In this case, the amended complaint discloses that the plaintiff filed a lawsuit in state court on August 6, 2007 against the defendant "for claims including, but not limited to, legal malpractice and breach of fiduciary duties." The amended complaint has a copy of the lawsuit attached. As the plaintiff has already asserted her claim in a court of competent jurisdiction prior to the filing of this case, the plaintiff was not obliged to add that claim in this dischargeability action. Of course, by the same token, the plaintiff was not obligated to bring her nondischargeability action in the state court case (and arguably could not have). *See Crowe v. Moran (In re Moran)*, 413 B.R. 168, 178-79 (Bankr. D.Del. 2009) (state courts generally cannot determine whether debts of a kind specified in sections 523)(a)(2) and (a)(4) are non-dischargeable in bankruptcy).

For these reasons, a judgment of nondischargeability will be separately entered, whereupon this case will be closed. The plaintiff will then be free to pursue her action to judgment against the defendant in the state court proceeding previously filed.

# # #